UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRYAN DAVIS

                       Plaintiff,         Index No.:

   *-against-*

                                     **COMPLAINT**

CITY OF NEW YORK,
NYPD POLICE OFFICER HANS ARIAS,      Plaintiff Demands Trial by Jury
NYPD POLICE OFFICER ZITO and,
NYPD POLICE OFFICER PISANO,

                       Defendants.

------------------------------------------------------------X

Plaintiff, BRYAN DAVIS, by his attorney, Alexis G. Padilla, complaining of the defendants, The CITY OF NEW YORK, NYPD POLICE OFFICER HANS ARIAS ("P.O. ARIAS"), NYPD POLICE OFFICER ZITO of the 52nd Precinct ("P.O. ZITO"), and NYPD POLICE OFFICER PISANO of the 52nd Precinct ("P.O. PISANO"), upon information and belief alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, BRYAN DAVIS, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff BRYAN DAVIS is a United States citizen of full age and at all times relevant to this complaint a resident of Bronx County, State of New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant NYPD POLICE OFFICER HANS ARIAS was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. ARIAS acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New

York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant NYPD POLICE OFFICER ZITO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. ZITO acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant NYPD POLICE OFFICER PISANO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. PISANO acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging

in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

10. On or about November 29, 2016, at approximately 5:55 A.M. plaintiff was present in front of 104 E.196th Street in the Bronx when he was approached by defendants P.O. ARIAS, P.O. ZITO and P.O. PISANO, all uniformed officers assigned to the 52nd Precinct of the New York Police Department.

11. Upon information and belief, the defendants stopped plaintiff because they believed that he matched the description of a suspect in an armed robbery that occurred about an hour earlier and about six blocks away.

12. As the defendants approached, plaintiff was standing with his back to the street.

13. Defendant P.O. PISANO told him very aggressively to turn around and take his hands out of his pockets.

14. Plaintiff turned around and asked the officers what the issue was?

15. Defendant P.O. ZITO then began to frisk plaintiff.

16. Plaintiff backed away and told P.O. ZITO not to touch him.

17. Defendant P.O. PISANO then punched plaintiff in the face.

18. Plaintiff defended himself by pushing P.O. ZITO into the other two officers, causing them all to fall from where they were standing on the steps of the building.

19. Plaintiff started to walk away but then P.O. ARIAS rushed towards him. Plaintiff defended himself by grabbing P.O. ARIAS and flipping him over.

20. Plaintiff was then tackled by P.O. ZITO, who then punched plaintiff in the head and body repeatedly along with P.O. PISANO and P.O. ARIAS who both struck plaintiff about the head and body and sprayed him in the face with pepper spray.

21. Defendants fought with plaintiff for several minutes, striking him about the head and body repeatedly before other officers arrived and eventually handcuffed plaintiff.

22. After the handcuffs had been applied to plaintiff's wrists, defendants P.O. ZITO and P.O. PISANO continued to spray plaintiff in his face with pepper spray.

23. As a result of the defendants' unconstitutional and illegal use of force, plaintiff suffered injury including but not limited to swollen and blackened eyes, bruising about the head and body, contusions about the head and body, emotional distress, mental anguish and public humiliation.

## AS FOR A FIRST CAUSE OF ACTION

*Excessive Force in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution as against all defendants*

24. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

25. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

26. All of the aforementioned acts of defendants were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the defendants in their capacities as

police officers, with all actual and/or apparent authority afforded thereto.

29. The acts complained of resulted in pain and injury to plaintiff.

30. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant City of New York*

31. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

32. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

33. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to resort to force without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

34. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force of the sort described in this complaint.

35. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

36.     The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 05/21/2019
New York, NY

By:     /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
*Bryan Davis*
575 Decatur Street #3
Brooklyn, NY 11233
Tel. 917 238 2993
alexpadilla722@gmail.com